**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DWAYNE RAYNARD CRAPPS,

        Plaintiff,

vs.

Case No. 3:15-cv-974-J-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Dwayne Raynard Crapps ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of heart disease, high blood pressure, shortness of breath, and high cholesterol. See Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed February 10, 2016, at 245. Plaintiff filed his DIB application on February 27, 2012, alleging an onset date of December 29, 2011. Tr. at 220-23. The application was denied initially, Tr. at 156-58, and upon reconsideration, Tr. at 165-67.

At a hearing on November 6, 2013, an Administrative Law Judge ("ALJ") heard testimony from a vocational expert ("VE") and from Plaintiff, who was represented by

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed February 10, 2016; Reference Order (Doc. No. 20), entered February 11, 2016.

counsel. Tr. at 106-33. On January 2, 2014, the ALJ issued a Decision finding Plaintiff not disabled "from December 29, 2011, the alleged onset date, through June 30, 2013, the date last insured," and denying Plaintiff's claim. Tr. at 93; see Tr. at 86-94. Plaintiff then requested review by the Appeals Council, Tr. at 73, and submitted to the Council additional evidence in the form of a brief from his attorney, Tr. at 5, 6; see Tr. at 74-81, 292-99 (attorney's brief and duplicate), as well as letters (and supporting law) from counsel asking the Administration to procure additional medical records, Tr. at 49-53, 55-56 (letters), Tr. at 8-47, 57-71 (supporting law). On June 5, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's Decision the final decision of the Commissioner. Tr. at 1-4. On August 7, 2015, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal: (1) "[w]hether the ALJ erred in determining that [Plaintiff] has the residual functional capacity [("RFC")] to perform light work with other non-exertional limitations after failing to obtain and consider all of the relevant evidence in the claim and failing to weigh all of the evidence in the record"; (2) "[w]hether the ALJ properly relied on the testimony of the [VE] after posing and relying on a hypothetical question that did not adequately reflect the limitations of [Plaintiff]"; and (3) "[w]hether the ALJ erred in her credibility analysis by finding that [Plaintiff] was [']generally credible' but 'his statement of total inability to work' is not credible without providing adequate reasoning for her findings." Plaintiff's Brief Addressing the Merits of Appeal (Doc. No. 24; "Pl.'s Br."), filed May 10, 2016, at 2-3; see id. at 5-14. Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 25; "Def.'s Mem.") on July 11, 2016. After a thorough

review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons discussed below.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 88-93. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of December 29, 2011 through his date last insured of June 30, 2013." Tr. at 88 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "had the following severe impairments: ischemic heart disease, essential hypertension, and hyperlipidemia." Tr. at 88 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "did not have an impairment or combination of impairments that met

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 88 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC:

[Plaintiff could] perform light work . . . with no climbing or exposure to concentrated temperature extremes, fumes, gases or poorly ventilated areas, or workplace hazards. In addition, [Plaintiff] need[ed] to be able to change position between sitting and standing at will.

Tr. at 89 (emphasis omitted). At step four, the ALJ found that Plaintiff "was unable to perform any past relevant work" as a construction worker II, a furniture mover, or an electrician helper. Tr. at 91-92 (emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age (fifty-one (51) years old on the date last insured), education ("at least a high school education"), work experience, and RFC, and the ALJ determined that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." Tr. at 92 (emphasis and citation omitted). Relying on the testimony of the VE, the ALJ identified as representative jobs a storage rental clerk, a ticket seller, and a cashier II. Tr. at 93. The ALJ concluded that Plaintiff "was not under a disability . . . at any time from December 29, 2011, the alleged onset date, through June 30, 2013, the date last insured." Tr. at 93 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v.

-4-

Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The three overall issues Plaintiff raises are addressed below in the following modified sequence: (1) the ALJ's consideration of the medical evidence (Plaintiff's first issue); (2) the ALJ's credibility finding (Plaintiff's third issue); and (3) the ALJ's reliance on the VE's testimony (Plaintiff's second issue).

### A. Medical Evidence

Plaintiff's arguments with respect to the ALJ's consideration of the medical evidence divide neatly into two sub-issues, addressed separately here: (1) whether the ALJ failed "to obtain and consider all the relevant evidence in the claim"; and (2) whether the ALJ failed "to weigh all of the evidence in the record." Pl.'s Br. at 2.

#### 1.  Whether the ALJ Failed to Obtain and Consider Relevant Evidence

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)).

"Nevertheless, the claimant bears the burden of proving that he [or she] is disabled, and, consequently, he is responsible for producing evidence in support of his [or her] claim." Id. (citing 20 C.F.R. § 416.912(a), (c)).  An ALJ, therefore, may fulfill her duty to fully and fairly develop the record if she instructs a represented claimant at a hearing to provide missing medical records within a certain period of time after the hearing.  See Robinson v. Astrue, 235 F. App'x 725, 726-27 (11th Cir. 2007) (unpublished).  On the other hand, the duty may not be fulfilled when an ALJ herself explicitly agrees to procure the claimant's medical documents and then fails to do so.  See Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995); see also Robinson, 235 F. App'x at 727 (distinguishing Brown).

For a court to remand a case for the ALJ's failure to fully develop the record, the claimant must also show prejudice.  Brown, 44 F.3d at 934-35 (stating, "[T]here must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record" (citing Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985))).  Prejudice exists if the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence, id. at 935, or if "the ALJ did not consider all of the evidence in the record in reaching his decision," Kelley, 761 F.2d at 1540.

Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence in part because the ALJ "did not obtain all of the relevant evidence to the case." Pl.'s Br. at 7. Specifically, Plaintiff points to two medical documents apparently absent from the administrative transcript. Id. at 7-8.

One of the absent documents is a page from an MRI examination report. Id.; see Tr. at 345 (MRI report apparently missing most of the second page).  Plaintiff asserts that the

missing page, containing the interpretation of the exam, "is extremely important to the evaluation of [Plaintiff's] claim, as he notes that he constantly has a headache, and the results of this testing may provide insight as to why he experience those headaches." Pl.'s Br. at 7 (citing Tr. at 119, 124-25 (Plaintiff's hearing testimony regarding headaches)). Plaintiff also asserts that his treating physician, Dr. Eric Rosemund, M.D., "indicated that this MRI was needed to determine the cause of headaches experienced by [Plaintiff]." Id. at 8; see Tr. at 343-44 (March 13, 2013 treatment note, unsigned but presumably authored by Dr. Rosemund).

Plaintiff points out that this missing MRI page was addressed at the hearing on November 6, 2013. Id. at 7. Specifically, the ALJ stated as follows:

> [W]e will let the record reflect that we are going to hold the record open for 30 days because the most recent thing submitted at 10F, which is an MRI of Mr. Crapps' brain from April of this year [(2013)], only has one page and we don't have the interpretation page. So Mr. Schiffman will get that for us.

Tr. at 109; see Tr. at 345 (Exhibit 10F). The ALJ again brought up the missing page with Plaintiff's then-counsel, Alan Schiffman, near the end of the hearing:

> ALJ: . . . Again we will leave the record open to get at least that second page of the April 2013 record. And if there's anything else out there, Mr. Schiffman, feel free to send it on too.
>
> [Mr. Schiffman]: I will, Judge. If you look [at] what happened, because I stopped before when it said one of two because I thought there was bottom, but there is a piece of page 2 attached that says there's a possibility of a small stroke showing up. But without the top part of it—
>
> ALJ: Without the—right.
>
> [Mr. Schiffman]:—I don't think we can—
>
> ALJ: Yeah. I don't want to chance that, because that's a big deal.

Tr. at 132.

Although the ALJ explicitly left the record open to give Plaintiff's counsel an opportunity to submit the missing MRI page and any other records, the page was never provided—not to the ALJ, who issued her Decision fifty-seven days later, on January 2, 2014, see Tr. at 86-98 (Decision and exhibit list); and not to the Appeals Council, which issued its determination a year and a half later, on June 5, 2015, see Tr. at 1-5 (notice and exhibit list).

The other document Plaintiff argues that the ALJ failed to obtain is a July 2012 treatment note from cardiologist Dr. Abdul Kani. Pl.'s Br. at 8. But Plaintiff himself seems unsure whether this record actually exists. Apparently, Plaintiff's only basis for the record's existence is a September 18, 2012 Social Security Administration report. See id. The September 18, 2012 report states, "[Plaintiff] reports being seen again by Dr. Kani in 7/12 for follow up and these records would be helpful." Tr. at 337. A review of the administrative transcript overall reveals no other indication that there ever was a July 2012 treatment record.

Overall, to the extent that certain medical records were absent from the administrative transcript, the burden to provide those records was on Plaintiff, who was represented by counsel. See Ellison, 355 F.3d at 1276. It is also clear from the hearing transcript that Plaintiff's counsel agreed to obtain the missing page and any other records; the ALJ never indicated she would obtain the records herself. See Tr. at 109, 132. Having given Plaintiff and his counsel ample opportunity to provide the documents, the ALJ did not fail in her duty to fully and fairly develop the record. See Robinson, 235 F. App'x at 726-27.

2. Whether the ALJ Failed to Weigh All the Evidence

Plaintiff asserts that "the ALJ failed to weigh the opinions from [Plaintiff's] treating physicians, Dr. Kani and Dr. Rosemund." Pl.'s Br. at 9 (citing Tr. at 86-94 (ALJ's Decision)).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). With regard to treating physicians,[4] the Regulations instruct ALJs to give opinions controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. If an ALJ concludes a treating physician's medical opinion should be given less than substantial or considerable weight, the ALJ must clearly articulate reasons showing "good cause" for discounting the opinion. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In assessing medical opinions, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). Notwithstanding this requirement, a reviewing court may find the ALJ's error to be harmless—and thus, affirm the decision—if the error does not affect the ultimate findings and the decision is supported by substantial evidence. See Tillman v. Comm'r, Soc. Sec. Admin., 559 F. App'x 975, (11th Cir. 2014) (citing Diorio v. Heckler, 721 F.2d 726 (11th Cir. 1983)).

---

[4] A treating physician is one who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

Here, rather than argue specifically how the ALJ's findings were affected by the failure to weigh Dr. Kani's and Dr. Rosemund's treating opinions, Plaintiff only generally asserts the Decision is not supported by substantial evidence because "it is impossible to determine how the ALJ reached her conclusions regarding [Plaintiff's RFC]." Pl.'s Br. at 10.  Defendant contends, on the other hand, "Any error the ALJ may have committed in not specifying a weight to the records from Drs. Kani and Rosemund is harmless because Plaintiff shows nothing in those records that contradicts the ALJ's RFC findings." Def.'s Mem. at 8 (citing Laurey v. Comm'r of Soc. Sec., 632 F. App'x 978, 987 (11th Cir. 2015); Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005)).

Drs. Kani and Rosemund appear to be the only treating doctors whose records are included in the administrative transcript. Based on the record, cardiologist Dr. Kani treated Plaintiff in December 2011, Tr. at 301-06, 323-26 (duplicates); in January 2012, Tr. at 327-32 (duplicates included); and in March 2012, Tr. at 313-15, 317-21 (duplicates). Dr. Rosemund, a physician at Baptist Primary Care, authored (at most) two treatment notes included in the record—from February 8, 2013, Tr. at 350-52, and March 13, 2013, Tr. at 343-44.[5] Both doctors' treatment notes specify Plaintiff's symptoms and the respective doctors' observations and prescriptions, but they offer little, if anything, in terms of overall impressions or opinions of Plaintiff's restrictions.

The ALJ discussed both doctors' records in the Decision. See Tr. at 90-91. Dr. Rosemund, however, is not specifically named, and only one of the two records from his office—the February 2013 treatment note—is addressed. See Tr. at 90-91 (discussing Exhibit 11F, which contains February 2013 records from Baptist Primary Care, see Tr. at 349-

---

[5] The March 13, 2013 note, as indicated, is from Baptist Primary Care, but it is unsigned. Tr. at 343-44.

57).  To the extent Dr. Kani's or Dr. Rosemund's records contain any medical opinion, the ALJ did not state the weight assigned to them, but it is clear from the Decision that the ALJ accepted the doctors' impressions and diagnoses.  See Tr. at 90-91.  It is also clear, upon reviewing both treating doctors' records, that the records are consistent with the ALJ's analysis and RFC finding, which is supported by substantial evidence.  Accordingly, any error in the ALJ's failure to specifically assign weight to the doctors' findings is harmless.

## B. Credibility Finding

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)).  "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability."  Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony,  Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence").  "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as:  (1) the claimant's daily activities;  (2) the nature, location, onset, duration,

frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, the ALJ articulated the following overall credibility finding in the Decision:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are generally credible. His statement of a total inability to work, however, is not credible or supported by the medical evidence.

Tr. at 90. Later in the Decision, the ALJ discussed more specifically why Plaintiff's alleged inability to work was not credible. See Tr. at 91. Among other observations, the ALJ noted Plaintiff "testified that he can only stand for two minutes, but upon further questioning testified that he showers for longer than two minutes[,] stands at church when he is not thinking about it, and walks to the corner and back once a week." Tr. at 91. According to the ALJ, "This inconsistency, coupled with the discrepancy between his reports of cardiac symptoms to the [ALJ] and treatment providers, has detracted from his credibility." Tr. at 91.

Plaintiff asserts the ALJ's credibility finding is "confusing" because the ALJ found Plaintiff "'generally credible' on one hand, and not credible enough on the other hand." Pl.'s Br. at 13 (quoting Tr. at 90). Plaintiff further contends that "the ALJ fail[ed] to provide specific reasons for her conclusions." Id. at 14.

Notwithstanding Plaintiff's contentions, the ALJ's credibility finding is clear, and the ALJ appropriately supported the finding with "explicit and adequate reasons." Wilson, 284 F.3d at 1225. Accordingly, there is no error here.

**C. Reliance on VE's Testimony**

Plaintiff contends the ALJ erred in relying on the VE's testimony because, according to Plaintiff, the ALJ posed a hypothetical question to the VE that failed to adequately reflect Plaintiff's limitations. Pl.'s Br. at 10-12.

An ALJ poses a hypothetical question to a VE as part of his step-five determination of whether the claimant can obtain work in the national economy. See Wilson, 284 F.3d at 1227. When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling" (internal quotation and citations omitted)); Wilson, 284 F.3d at 1227 (stating that "for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments" (citation omitted)).

Here, Plaintiff correctly acknowledges that the same limitations were included in the ALJ's RFC finding and the hypothetical question posed to the VE. Pl.'s Br. at 11; see Tr. at 89, 128-29. Plaintiff's argument on this issue rests on his contentions regarding the medical evidence, addressed above. See Pl.'s Br. at 11-12. Specifically, Plaintiff contends that the

RFC finding and the hypothetical question are unsupported by substantial evidence because "the ALJ did not obtain all of the pertinent evidence in the claim, and did not weigh the opinions of [Plaintiff's] treating physicians." Pl.'s Br. at 11.

For the reasons discussed above with respect to the other issues raised by Plaintiff, the ALJ's RFC finding is supported by substantial evidence. And by including in the hypothetical question to the VE the same limitations from the RFC finding, the ALJ appropriately accounted for all Plaintiff's impairments. There was no error, therefore, in the ALJ's reliance on the VE's testimony.

### V. Conclusion

In accordance with the foregoing, it is hereby **ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 1, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:
Counsel of record